BROWN, WEBB & CO. v. I. A. KRONENBERG. (8 Div. 107.)

(Court of Appeals of Alabama.   Oct. 30, 1923. Rehearing Granted   Jan. 15, 1924.)

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Action by I. A. Kronenberg against Brown, Webb & Co. From a judgment for plaintiff, defendant appeals. Reversed and remanded on rehearing.

W. L. Chenault, of Russellville, for appellants.

There is no provision of law for the rendition of a conditional judgment against the principal and an unconditional judgment against the sureties. Code 1907, § 4725; Young v. Howe, 150 Ala. 157, 43 South. 488.

Engel & Mudd, of Birmingham, and Key & Key, of Russellville, for appellee.

The circuit court had authority to stay execution against the bankrupt and allow execution against the sureties. Chickasaw Hotel Co. v. Barker Const. Co., 135 Tenn. 305, 186 S. W. 120, L. R. A. 1916F, 106; Remington on Bankruptcy, 2672; McLeod v. Mills, 29 Ga. App. 87, 113 S. E. 699; Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083; Rogers v. Abbott, 206 Mass. 270, 92 N. E. 472, 138 Am. St. Rep. 394; 7 C. J. 350; Goyer v. Jones, 79 Miss. 253, 30 South. 651; James v. Kitzenger Co., 13 Ala. App. 448, 68 South. 582; Kohn, Weil & Co. v. Weinberg, 110 Miss. 275, 70 South. 353; In re Buchanan, 219 Fed. 492, 135 C. C. A. 204; Young v. Howe, 150 Ala. 157, 43 South. 488; Collier on Bankruptcy (12th Ed.) 415; Chewning v. Knight, 16 Ala. App. 357, 77 South. 969.

BRICKEN, P. J. The record in this case is unusual. After a proper caption showing the organization of the court, an appeal bond is set out, appealing from a judgment in a justice court to the Franklin circuit court in the case of I. A. Kronenberg, Doing Business as the Alabama Dry Goods Company, v. Brown, Webb & Co., signed by J. R. Brown, O. M. Hutcheson, W. F. Webb, Sol McBrayer, Berry Shedd, and J. M. Bonner. Following that, a petition filed in the United States District Court by I. A. Kronenberg, asking leave to proceed with the suit against Brown, Webb & Co., and J. R. Brown, W. F. Webb, Sol McBrayer, and O. M. Hutcheson (all of whom are alleged bankrupts in a proceeding then pending in the federal court and whom it is alleged in said petition are members of the partnership), so that judgment could be rendered against J. M. Bonner and W. B. Shedd, alleged sureties on the appeal bond filed in the justice court.

Then appears an order of Hon. W. I. Grubb, United States District Judge, granting leave to proceed against the bankrupts, "provided

that such judgments (if the same can be so rendered in the said circuit court) shall contain stay of execution as against said bankrupt pending the granting of a discharge in bankruptcy, such stay of execution to become permanent upon the granting of a discharge. In the event no such special judgment can be rendered in said court, then this leave is revoked."

Then follows the judgment of the Franklin circuit court, the minute of which reads as follows:

"Comes the parties by their attorneys, and issue being joined, thereupon came a jury of good and lawful men, to wit, Early Jackson and eleven others, who being duly impaneled and sworn, according to law, after hearing the evidence and the charges of the court, upon their oaths say, We, the jury, find for the plaintiff and assess his damages at seventy dollars. It is therefore ordered, adjudged and decreed by the court that the plaintiff, I. A. Kronenberg, doing business as Alabama Dry Goods Company, have and recover of Brown, Webb & Co., J. R. Brown, W. F. Webb, Sol McBrayer, O. M. Hutcheson, defendants, and Berry Shedd and J. M. Bonner, sureties on their appeal bond, the said sum of seventy ($70.00) dollars, together with the costs of this cause, for which let execution issue, and against this judgment there shall be no claim of exemption. Execution to be issued only against the sureties on the appeal bond and is stayed as to Brown, Webb & Co., J. R. Brown, W. F. Webb, Sol McBrayer, and O. M. Hutcheson until the bankrupt court passes on the application of Brown, Webb & Co., J. R. Brown, W. F. Webb, Sol McBrayer, and O. M. Hutcheson for final discharge."

Brown, Webb & Co. then appealed to this court. There is no bill of exceptions, and no exception was reserved to the action of the court so far as this record shows.

The proceedings in the federal court were no part of the record of the trial court and cannot be considered on this appeal; if relevant, they should have been shown by a bill of exceptions.

There is nothing for this court to review. The sureties on the appeal bond do not appear to have appealed or assigned errors.

The judgment of the lower court is affirmed.

Affirmed.

. On Rehearing.

Upon authority of the Supreme Court decision in the case of Brown, Webb & Co. v. Southern Woodenware Co. (8th Div. 593) 98 South. 560,[1] the application for rehearing in this case must be granted, the judgment appealed from reversed, and the cause remanded.

Reversed and remanded.